HERBERT ABRAMS CO. D/B/A ARAMSCO, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81–9–01160

Before RESTANI, *Judge.*

(Decided January 7, 1985)

*Donohue & Donohue (John P. Donohue),* for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *Jerry P. Wiskin,* Civil Division, United States Department of Justice, for defendant.

RESTANI, *Judge:* This action was tried before this court on July 25, 1984. After hearing and considering all of the evidence presented at trial and after considering the legal arguments presented by the parties, the court finds as follows:

## FINDINGS OF FACT

1. Plaintiff is the importer of the merchandise involved in this action, which merchandise is represented by Exhibit 1.

2. The protest and summons were timely filed.

3. All liquidated duties have been paid.

4. The merchandise in this action consists of natural latex rubber booties imported from West Germany and entered through the port of Philadelphia, Pennsylvania.

5. Upon liquidation, the merchandise was classified under item 700.53, Tariff Schedules of the United States ("TSUS"), as "other footwear designed to be worn over, or in lieu of, other footwear as a protection against water, oil, grease, or chemicals or inclement weather, having soles and uppers of which over 90 percent of the exterior surface area is rubber or plastics * * * Other." Duty was assessed at the rate of 37.5% *ad valorem.*

6. The merchandise is claimed by plaintiff to be classifiable under item 700.58, TSUS, as "Other footwear * * * Having uppers of which over 90 percent of the exterior surface area is rubber or plastics * * * Other," with duty assessable thereunder at the rate of 6% *ad valorem.* (At trial, plaintiff abandoned its alternative classification claim under item 700.85, TSUS.)

7. The parties agree that Exhibit 1 is protective in nature and that it has soles and uppers of which over 90 percent of the exterior surface area is rubber.

8. Exhibit 1 is designed to be worn over other footwear as protection against water or chemicals.

9. Exhibit 1 was designed for use in nuclear facilities.

10. Exhibit 1 does not protect against high level radiation known to be harmful to humans.

11. Exhibit 1 is waterproof and provides a protective barrier which is impenetrable by substances, including but not limited to water, which are contaminated with radioactive chemicals.

12. Exhibit 1 provides the wearer with protection against water and chemicals.

CONCLUSIONS OF LAW

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. The imported footwear was properly classified under item 700.53, TSUS, as "other footwear designed to be worn over, or in lieu of other footwear as a protection against water, oil, grease, or chemicals or cold or inclement weather, having soles and uppers of which over 90 percent of the exterior surface area is rubber or plastics * * * Other."

3. Plaintiff has failed to overcome the presumption of correctness attaching to the Government's classification under item 700.58, TSUS. *See* 28 U.S.C. § 2639(a).

4. Plaintiff's claimed classification is not applicable, and the classification of the District Director of Customs at the port of Philadelphia, Pennsylvania is correct.

Accordingly, this action is hereby dismissed.